**FILED**

JAMES J. VILT JR,
CLERK

August 12, 2025

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CAROLYN DALLAS-CLARK                                          Plaintiff

v.                                                   Case No. 4:23-cv-36-RGJ-HBB

JOHN EILERT                                                  Defendant

**JURY INSTRUCTIONS**

1

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the rules of law that you must apply in deciding whether the Plaintiff has proven the elements of her counts against the Defendant. Then I will explain some rules that you must use in evaluating the testimony and evidence. And last, after closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors. The first duty is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you and apply it to the facts as you find them from the evidence in this case. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions I gave you before and during the trial, and these instructions now. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice you may feel toward one side or the other influence your decision in any way. All parties expect that you will carefully and impartially consider all the evidence and follow the law as it is now being given to you to reach your verdict.

**BURDEN OF PROOF**

The plaintiff has the burden in a civil action such as this to prove every essential element of her claim by a "preponderance of the evidence." You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this and you should not use it. In this case, if the Plaintiff should fail to establish any essential element of her claim by a "preponderance of the evidence," you should find for the Defendant on that claim.

"Establish by a preponderance of the evidence" means evidence which, as a whole, shows that the fact sought to be proved is more likely true than not. In other words, a preponderance of the evidence means such evidence, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and any stipulations agreed to by the parties which I have read to you here in court.

## ELEMENTS OF PLAINTIFF'S CLAIMS

Next, I will explain the elements of the claims that the Plaintiff makes against the Defendant.

### COUNT 1 — FOURTH AMENDMENT
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

I am now going to instruct you as to the law regarding Plaintiff's excessive force claim against Defendant. Title 42, United States Code, Section 1983, makes it unlawful for any person acting under color of state law to deprive another person of the rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

Plaintiff Carolyn Dallas-Clark claims that Defendant John Eilert deprived her of her constitutional rights when he used excessive force against her in attempting a seizure of her person. The "seizure" of a person occurs when an officer has, by means of physical force or show of authority, in some way restrained the person's liberty.

A law enforcement officer has the right to use such force as is reasonably necessary under the circumstances to effectuate a lawful seizure, whether it is in the course of an investigatory stop, a search, or an arrest. However, every person has a constitutional right not to be subjected to unreasonable or excessive force at the hands of law enforcement, even if the seizure is otherwise made in accordance with the law.

In order to establish her claim under 42 U.S.C. § 1983, Dallas-Clark must prove that each of the following by a preponderance of the evidence:

> First: Eilert deprived Dallas-Clark of her Constitutional rights by intentionally using unreasonable force against her during the course of seizing her;

> Second: Eilert was acting "under color of state law" at the time of the use of force at issue; and

> Third: The use of this unreasonable force caused the claimed damages.

The parties stipulate to the second element that Defendant John Eilert was acting under color of state law at the time of his interaction with Carolyn Dallas-Clark on March 14, 2022. Therefore, you must find the second element proven.

In considering whether Eilert used unreasonable force, he is considered to use excessive force if he uses force that an objectively reasonable officer would consider excessive in light of the facts and circumstances confronting him. It must be judged from the perspective of a reasonable officer at the scene and not with the benefit of hindsight.

In determining whether Eilert intentionally used excessive force, it is not necessary to find that Eilert had any specific purpose or desire to deprive Dallas-Clark of her constitutional rights in order to find in favor Dallas-Clark. Dallas-Clark must prove only that the actions by Eilert were deliberate, not that the consequence was intended. Mere negligence, however, is not sufficient.

When considering whether this use of force is objectively reasonable, you should consider the totality of the circumstances known to Eilert, including, but not limited to, the severity of the crimes at issue; whether the suspect poses an immediate threat to the safety of the officer or others; and whether she is actively resisting arrest or attempting to evade arrest by flight.

When considering whether this arrest is objectively reasonable, you should consider that even if probable cause for the arrest existed, an arrest is not justified if Eilert's true motivation was to punish a slight to his dignity.

**COUNT 2 — STATE LAW**
**ASSAULT AND BATTERY**

I will also instruct you about the law on Plaintiff Carolyn Dallas-Clark's assault and battery claim against Defendant John Eilert.

You will find for Plaintiff only if you are satisfied by a preponderance of the evidence that Defendant used more force than was necessary, or so appeared to him in the exercise of reasonable judgment, in order to arrest Plaintiff and retain her in custody. If you are not satisfied by a preponderance of the evidence that Defendant used more force than was necessary, or so appeared to him in the exercise of reasonable judgment, in order to arrest Plaintiff and retain her in custody, then you will find for Defendant.

**OTHER ACTS OF DEFENDANT**

You have heard testimony that the defendant was under investigation for an act of excessive force other than the one alleged in Plaintiff's complaint. You can consider this evidence only as it relates to whether Eilert intentionally used excessive force, whether his actions were deliberate and not mere negligence, as to the Plaintiff's claim of excessive force. You must not consider it for any other purpose.

## COMPENSATORY DAMAGES

If you found in favor of Plaintiff Carolyn Dallas-Clark on any of the claims against Defendant John Eilert, you will award her the reasonable damages she sustained as a direct result of the Defendant's conduct.

Compensatory damages seek to make the Plaintiff whole—that is, to compensate her for the damage suffered. Further, compensatory damages are not limited merely to expenses that a plaintiff may have borne. A prevailing plaintiff also is entitled to compensatory damages for embarrassment and humiliation, pain and suffering, mental anguish, shock, and discomfort that she has suffered because of a defendant's conduct. A plaintiff must prove her damages by a preponderance of the evidence.

**NOMINAL DAMAGES**

If you found for Plaintiff Carolyn Dallas-Clark on Count 1, Excessive Force, but also that she did not prove compensatory damages, then you must award nominal damages of $1.00. A person whose federal rights were violated is entitled to a recognition of that violation even if she suffered no actual injury. Nominal damages ($1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed), rather than nominal damages.

## PUNITIVE DAMAGES

If you find for Plaintiff Carolyn Dallas-Clark and award her a sum or sums in damages—and if you are further satisfied by clear evidence that Defendant John Eilert, in his conduct toward Plaintiff, acted in reckless disregard for the lives, safety, or property of others, including Plaintiff—you may in your discretion award punitive damages against Defendant in addition to the compensatory or nominal damages.

Your discretion to determine and award an amount, if any, of punitive damages is limited to the following factors:

- The harm to Plaintiff caused by Defendant's conduct toward Plaintiff as measured by the damages you have awarded; and

- The degree, if any, to which you have found from the evidence that Defendant's conduct was reprehensible, considering:

  o Whether the harm caused was physical as opposed to economic;

  o The degree to which Defendant's conduct evidenced an indifference to, or a reckless disregard for, the health or safety of others; and

  o The degree to which Defendant's conduct involved repeated actions as opposed to an isolated incident.

"Punitive damages" are damages awarded against Defendant for the purpose of punishing Defendant for his misconduct in this case and deterring it and others from engaging in similar conduct in the future.

If you award punitive damages, they must be fixed with calm discretion and sound reason; they must never be either awarded or fixed in amount because of sympathy, bias, or prejudice with respect to either party.

## EVIDENTIARY MATTERS

### Introduction

That concludes the part of my instructions explaining the elements of the Plaintiff's claims. Next, I will explain rules that you must use in considering of the testimony and evidence.

## EVIDENCE DEFINED

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked or ruled that you could not see some exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Direct evidence is simply evidence, like the testimony of an eyewitness, that directly proves a fact. If a witness testified that they saw it raining outside, and you believed them, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(1) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(2) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(3) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(4) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(5) Ask yourself if the witness had any relationship to either party, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(6) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.

16

Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(7) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe a witness's testimony was contradicted by other evidence, remember people sometimes forget things, and even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified for a given party makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the number of witnesses.

## OPINION TESTIMONY

You have heard the testimony of Barry Getzen who testified as an opinion witness.

You do not have to accept Mr. Getzen's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness takes an oath to tell the truth and lawyers for the parties may ask them questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, all or part of the deposition of that person may be read at the trial, and the testimony in that deposition should be treated by you exactly as if the witness were testifying live here in Court.

## LAWYERS' OBJECTIONS

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence, as I have defined it, which you saw and heard here in court.

## DELIBERATIONS AND VERDICT

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the Court Security Officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Court Security Officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

**RESEARCH, INVESTIGATION, AND OUTSIDE COMMUNICATIONS**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or X (formerly known as Twitter), to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## UNANIMOUS VERDICT

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So, you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Plaintiff has proven the Defendant liable by a preponderance of the evidence.

**JUROR NOTES**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and notify the Court Security Officer.

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves whether Plaintiff Carolyn Dallas-Clark has proven her case by a preponderance of the evidence.

**Please fill out the Verdict Forms and return to the courtroom.**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CAROLYN DALLAS-CLARK                                              Plaintiff

v.                                           Case No. 4:23-cv-36-RGJ-HBB

JOHN EILERT                                                      Defendant

**VERDICT FORMS**

**VERDICT FORM 1**
**Count 1 — Fourth Amendment**
**Excessive Force Under 42 U.S.C. § 1983**

We, the jury, are satisfied from the evidence that Defendant John Eilert used excessive force when carrying out the arrest of Plaintiff Carolyn Dallas-Clark.

**_____ YES          _____ NO**


_____

FOREPERSON'S SIGNATURE


_____

FOREPERSON'S JUROR NUMBER


DATE _____

**If you answered YES to Verdict Form 1, please proceed to Verdict Form 2.**

**If you answered NO, please proceed to Verdict Form 4.**

2

**VERDICT FORM 2**
**Compensatory Damages**

If you found for Plaintiff Carolyn Dallas-Clark on Count 1, did Dallas-Clark suffer any

actual damages as a result of Defendant John Eilert's actions?

_____ **YES**       _____ **NO**

If yes, please state the amount of actual damages caused by the Defendant's actions:

$_____ (not to exceed $3,000,000)

_____

FOREPERSON'S SIGNATURE

_____

FOREPERSON'S JUROR NUMBER

DATE _____

**If you answered YES on Verdict Form 2, please proceed to Verdict Form 4.**

**If you answered NO on Verdict Form 2, please proceed to Verdict Form 3.**

**VERDICT FORM 3**
**Nominal Damages**

If you found for Plaintiff Carolyn Dallas-Clark on Count 1, Excessive Force, but found that

Dallas-Clark did not prove any actual damages as a result of Defendant John Eilert's actions, award

nominal damages in the amount of one dollar ($1.00) below:

$_____

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

DATE _____

**After answering Verdict Form 3, please proceed to Verdict Form 4.**

**VERDICT FORM 4**
**Count 2 — State Law**
**Assault And Battery**

We, the jury, are satisfied from the evidence that Defendant John Eilert used more force than was necessary, or so appeared to him in the exercise of a reasonable judgment, in order to arrest Plaintiff Carolyn Dallas-Clark and retain her in custody.

**_____ YES        _____ NO**

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

DATE _____

**If you answered YES to any question on Verdict Form 4, please proceed to Verdict Form 5.**

**If you answered NO to ALL questions on Verdict Forms 4, and yes to Verdict Form 1, please go to Verdict Form 6 .**

**VERDICT FORM 5**
**Compensatory Damages**

If you found for Plaintiff Carolyn Dallas-Clark on Count 2, did Dallas-Clark suffer any actual damages as a result of Defendant John Eilert's actions?

\_\_\_\_\_ **YES**        \_\_\_\_\_ **NO**

If yes, please state the amount of actual damages caused by the Defendant's actions, unless already compensated for under Verdict Form 2;

$_____ (not to exceed $3,000,000)

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

DATE _____

**If you answered NO to Verdict Forms 1 and 4, notify the Court Security Officer that your deliberations are at an end.**

**If you answered YES to Verdict Form 1 or 4, please go to Verdict Form 6.**

**VERDICT FORM 6**
**Punitive Damages**

We, the jury, are satisfied from the evidence that Defendant John Eilert acted in reckless

disregard for the lives, safety or property of others, including Plaintiff Carolyn Dallas-Clark.


**_____ YES        _____ NO**


If yes, please indicate below any punitive damages you believe should be awarded to Dallas-Clark

for Eilert's conduct:


$_____ (not to exceed $1,000,000)


_____
FOREPERSON'S SIGNATURE


_____
FOREPERSON'S JUROR NUMBER


DATE _____


**Please notify the Court Security Officer that your deliberations are at an end.**

7