UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CAROLYN DALLAS-CLARK                                                 Plaintiff

v.                                                               Case No. 4:23-cv-36-RGJ-HBB

JOHN EILERT                                                            Defendant

## MEMORANDUM OPINION & ORDER

Plaintiff Carolyn Dallas-Clark ("Dallas-Clark") moves for an award of attorney's fees. [DE 102]. Defendant John Eilert ("Eilert") responded [DE 103] and, Dallas-Clark replied [DE 104]. Dallas-Clark submitted a bill of costs, to which Defendant did not file an objection. [DE 101]. This matter is ripe. For the reasons below, Dallas-Clark's Motion for Attorney's Fees [DE 102] is **GRANTED** and Dallas-Clark's Bill of Costs [DE 101] is **GRANTED.**

### I.     BACKGROUND

The Court incorporates the procedural and factual background set forth in its order on Defendant's motion for summary judgment. [DE 44].

This action came before the Court for a jury trial on August 11, 2025 and concluded on August 12, 2025. [DE 85; DE 90]. The jury found for Dallas-Clark on her claim that Eilert used excessive force while arresting her, in violation of her Fourth Amendment rights. [DE 100 at 1878]. The jury awarded Dallas-Clark $15,000 in compensatory damages. [*Id.*]. Dallas-Clark asked for approximately $3,000,000.00 in damages in her Amended Complaint. [DE 6 at 28].

Dallas-Clark moves for attorney's fees and costs, arguing that she is entitled to them as a prevailing party. [DE 102 at 1891-92]. In response, Eilert asserts that although Dallas-Clark is a prevailing party, the "requested hourly rate is unsupported by any evidence," the "requested fee amount is excessive as it relates to the result obtained," and "enhancement is not appropriate."

[DE 103 at 1907-09]. Additionally, Dallas-Clark filed a separate Bill of Costs. [DE 101]. Eilert did not file an objection to the Bill of Costs, nor did he mention it in response to Dallas-Clark's motion for attorney's fees.

## II. DISCUSSION

1. <u>Dallas-Clark's Motion for Attorney Fees</u>

The general rule is that each party must pay its own attorney's fees and expenses. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). However, Title 42 U.S.C. § 1988(b) provides that in actions to enforce § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . ." The "threshold determination" for district courts is whether the party seeking fees prevailed. *Hensley*, 461 U.S. at 433. If a party prevailed, any fee awarded must be reasonable, meaning that it "is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (cleaned up) (explaining that the goal of the fee-shifting statutes is "to induce a capable attorney to undertake the representation of a meritorious civil rights case" . . . "not to provide a form of economic relief to improve the financial lot of attorneys").

A district judge's exercise of discretion in statutory fee award cases is entitled to substantial deference, especially when the rationale for the award was predominantly fact-driven. *Id.* (citing *Hensley*, 461 U.S. at 437); *Wilson–Simmons v. Lake County Sheriff's Dept.,* 207 F.3d 818, 823 (6th Cir. 2000); *Hadix v. Johnson*, 65 F.3d 532, 534–35 (6th Cir. 1995). In exercising its discretion, the district court "must provide a clear and concise explanation of its reasons for the fee award." *Hadix*, 65 F.3d at 535 (citing, inter alia, *Hensley*, 461 U.S. at 437). Relevant here, is that the Sixth Circuit has noted that attorney's fees may be warranted when a trial court aptly explains that "fees [are] warranted to vindicate [] important constitutional right[s] for arrestees to be free from the

excessive use of force." *Ward v. Borders, et al*, 2024 WL 4242059 (W.D. Ky. Sep. 19, 2025), *aff'd* No. 24-5920 slip op. at 4 (6th Cir. Oct. 14, 2025).

Here, Dallas-Clark moves for attorney fees as the prevailing party on the § 1983 excessive force claim against Eilert. Dallas-Clark argues that because "the fee was contingent in this matter as [Dallas-Clark] was in no position to pay," and that the "case involved significant risk to the law firm of [Dallas-Clark's] counsel as a contingency case involving a claim of civil rights violation by a law enforcement officer" counsel is entitled to fees. [DE 102 at 1893]. Eilert contends that the requested rate, $350.00 per hour, has no evidentiary support, is excessive compared to the result obtained, and the requested enhancement is not appropriate. [DE 103 at 1907-09].

    a. *Prevailing Party Status*

Title 42 U.S.C. § 1988(b) provides that in actions to enforce § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id*. at 113. Even so, the Supreme Court has noted that while "a plaintiff who wins nominal damages is a prevailing party under § 1988," the "technical" nature of an award of damages bears on the reasonableness of fees awarded under § 1988. *Id.* In some circumstances, "even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all." *Id.* at 114. Although the plaintiffs had been the prevailing party in the litigation, the district court in *Farrar* had abused its discretion by awarding "attorney's fees without 'consider[ing] the relationship between the extent of success and the amount of the fee award.'" *Id.* at 115–16 (quoting *Hensley*, 461 U.S. at 438).

3

As the Supreme Court has explained, civil-rights plaintiffs "seek [] to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *City of Riverside v. Rivera*, 477 U.S. 561, 574–80 (1986). As a result, "Congress enacted § 1988 specifically to enable plaintiffs to enforce the civil rights laws even where the amount of damages at stake would not otherwise make it feasible to do so." *Id.* at 577. Moreover, the Sixth Circuit has observed that a rule eliminating attorneys' fees in civil-rights cases "due to the size of the damages awarded 'would seriously undermine Congress' purpose in enacting § 1988,'" and the court expressly "refuse[d] to countenance a decision that does so." *Hescott v. City of Saginaw*, 757 F.3d 518, 525 (6th Cir. 2014) (quoting *City of Riverside*, 477 U.S. at 576). Placing too great an emphasis on the amount of damages awarded would "detrimentally encourage attorneys to concentrate on increasing the damage award, perhaps with harm to the merits of the case; moreover, transfixion on the damage amount in establishing fees would penalize those litigants whose cases carry slight pecuniary damages, but which present instances of significant statutory violations." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co. 732* F.2d 495, 503 (6th Cir. 1984). Here, neither party disputes the fact that Dallas-Clark is entitled to prevailing party status and, as a result, the Court reviews the requested fees for reasonableness.

      b. *Reasonableness of Attorney Fees*

In computing the amount of attorney's fees, the "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. A "primary concern . . . is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids

producing a windfall for lawyers." *Adcock-Ladd*, 227 F.3d at 349 (internal quotations and citation omitted).

In determining a reasonable fee, a district court "begins by determining 'the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (quoting *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). In determining a reasonable rate, "[a] district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Prop. & Cas. Ins.*, 436 F. App'x 496, 499 (6th Cir. 2011) (citing *B & G Min., Inc. v. Dir., Off. of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008); *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)).

To prove that the requested fees are reasonable, the requesting party must also provide "evidence supporting the hours worked and rates claimed." *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1207 (6th Cir. 1992) (quoting *Hensley*, 461 U.S. at 433). In considering whether the time expended is reasonable, the Court should "exclude excessive, redundant, or otherwise unnecessary hours." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (citing *Hensley*, 461 U.S. at 434). A reduction in attorney fees for a prevailing plaintiff "is to be applied only in rare and exceptional cases where specific evidence in the record requires it." *Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir.2005).

The Sixth Circuit has "repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed." *Imwalle v. Reliance Med. Prods., Inc.,* 515 F.3d 531, 554 (6th Cir. 2008). A district court's determination of the amount of a § 1988 award is afforded "substantial deference" out of respect for the "district court's superior understanding of

the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Garner v. Cuyahoga Cnty. Juvenile Ct.*, 554 F.3d 624, 634 (6th Cir. 2009).

A court may also consider the twelve *Johnson* factors in determining the lodestar fee or adjustments to it: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Reed v. Rhodes*, 179 F.3d 453, 471–72 n. 3 (6th Cir. 1999) (citing *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). One of the most important *Johnson* factors is the result achieved. *See Hensley*, 461 U.S. at 435–36; *see also Adcock-Ladd*, 227 F.3d at 349.

As noted, the reasonableness of fees awarded under § 1988 is most importantly measured by "the degree of the plaintiff's overall success." *Farrar*, 506 U.S. at 114, citing *Hensley*, 461 U.S. at 436. Indeed, a trial court abuses its discretion when it does not consider the relationship between the fee awarded and the success obtained. *See Dean v. F.P. Allega Concrete Const. Corp.*, 622 F. App'x. 557, 559 (6th Cir. 2015). Where "a plaintiff obtains 'limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained.'" *Isabel*, 404 F.3d at 416 (quoting *Hensley*, 461 U.S. at 435). Thus, after determining the lodestar amount, the court can adjust the fee upward or downward "to reflect relevant considerations peculiar to the subject litigation." *Adcock-Ladd*, 227 F.3d at 349. However, "[t]he essential goal in shifting fees is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S.

826, 838 (2011). Neither Supreme Court nor Sixth Circuit precedent require courts "to cull through the records and conduct a[ ] line-item review." *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 713 n.11 (6th Cir. 2016). Therefore, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox*, 563 U.S. at 838. Further, as noted above, "the 'technical' nature of a . . . judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." *Farrar*, 506 U.S. at 114.

In order for trial courts to take into account their overall sense of the suit, the Sixth Circuit "has recognized the propriety of an across the board reduction" where a sampling of the billing invoice or other facts reflect that a reduction is warranted, as opposed to line-by-line reductions. *Auto All. Int'l, Inc. v. U.S. Customs Serv.*, 155 F. App'x 226, 228 (2005) (citing *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) *abrogated on other grounds by Husted*, 831 F.3d 686); see also *Hensley*, 461 U.S. at 436-37 (stating that trial courts "may simply reduce the award" instead of "attempt[ing] to identify specific hours that should be eliminated"). This method is particularly appropriate when fee documentation is voluminous and "an hour-by-hour review is simply impractical and a waste of judicial resources." *Pianko v. Gen. R.V. Ctr., Inc.*, No. 20-CV-13371, 2025 WL 546935, at *4 (E.D. Mich. Feb. 19, 2025), *reconsideration denied*, No. 20-CV-13371, 2025 WL 1734045 (E.D. Mich. June 23, 2025) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)). A district court may simply reduce the award to account for the limited success, or it may eliminate the excessive hours; the approach the court chooses is within its discretion. *Hensley*, 461 U.S. at 436–37; *see also Auto Alliance Int'l*, 155 F. App'x. at 228.

7

       *i.   Hourly Rate*

Dallas-Clark's counsel submitted an affidavit with his billing records. [DE 102-1 1899-1904]. Counsel has been engaged in the legal practice for more than 43 years. [DE 102 at 1893]. And seeks a minimum attorney's fee of $42,175.00, and a potential total of $50,00.00 based on lodestar enhancements. [*Id.*]. This is based upon a calculation of 120.5 hours billed at a rate of $350.00 per hour. [*Id.* at 1898]. The affidavit does not offer other rates or case comparators, but Dallas-Clark's reply brief does. [DE 104 at 1922-24]. Eilert does not contend that the hourly rate, $350.00 per hour, is unreasonable but rather that the hourly rate is "unsupported by any evidence" and that the Court should therefore award a lower hourly rate. [DE 103 at 1907-08].

The Court must look to analogous § 1983 cases for what may be a reasonable amount per hour. The most recent trial court decision from within the Sixth Circuit, which had two attorneys, held that a rate of both $400 and $375 are reasonable for attorneys with 34 and 20 years of experience respectively. *Sisters for Life Inc. v. Louisville Jefferson Cnty Metro Gov't*, 2025 WL 2800004, at *6 (W.D. Ky. Sep. 30, 2025). Additionally, this Court has also held that a rate of $300 and $350 per hour as reasonable. *Ward,* 2024 WL 4242059 at *5; *Brooksbank v. Koch*, 2019 WL 7407401, at *3 (W.D. Ky. Apr. 15, 2019). However, the Eastern District of Kentucky has routinely held that roughly $300 per hour is reasonable. *Sweeney v. Crigler*, 2020 WL 7028703, at *1 (E.D. Ky. Nov. 30, 2020) (adopting report and recommendation recommending attorneys receive $375 per hour to $350 per hour); *Ramsek v. Beshear,* 2022 WL 3591827, at *8 (E.D. Ky. Aug. 22, 2022) (holding that a rate of both $375 and $400 per hour are reasonable).  But, the Eastern District has also found lower rates reasonable too. *Wynn v. City of Covington*, 2025 WL 1746875, at *2 (E.D. Ky. June 24, 2025) (holding that a rate of $210 per hour for an attorney with 42 years as reasonable). Other recent cases, outside of Kentucky, but within the Sixth Circuit in neighboring

markets, support a finding that roughly $350.00 per hour is reasonable. *Patrick Perry v. Hardeman Cnt. Gov't.*, 2025 WL 2814568, at *11-12 (W.D. Tenn. Sep. 30, 2025) (holding that $350 per hour as reasonable); *Mandrell v. Comm. of Soc. Sec.y*, 2025 WL 2524233, at *3 (M.D. Tenn. Sep. 2, 2025) (holding that $328.59 per hour as reasonable); *Yeremian v. MGM Grand Casino*, 2025 WL 1749974, *6-*9 (E.D. Mich. June 25, 2025) (holding that rates of $500, $300, and $400 per hour as all reasonable).

Intermingled within the services rendered statement Dallas-Clark provides to the Court are records of travel time. [DE 102]. However, outside of one exception, the travel times are not separated out, but rather included within the confines of other billing statements. For example, "Travel to Bowling Green & attend Eilert & Client Depositions." [DE 102-1 at 1902]. "The Sixth Circuit has often found travel time to be compensable if determined by the district courts to be the local practice regarding payment for travel time." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 372 (6th Cir. 2014)(citing *Monroe v. FTS USA, LLC,* No. 2:08–cv–02100–JTF, 2014 WL 4472720, at *7 (W.D. Tenn. July 28, 2014) and quoting *Robinson v. Elida Sch. Dist., Bd. of Educ.*, 99 F.3d 1139, 1996 WL 593535, at *3 (6th Cir. Oct. 15, 1996)); *see also Perotti v. Seiter,* 935 F.2d 761, 764 (6th Cir. 1991) ("We believe that matters of this sort [travel time] are within the discretion given the district court, which has greater familiarity with local practice than does this court, and we will not reverse on this record.") In the recent *Sisters* matter discussed above, counsel billed travel time at a reduced rate, half their normal rate, and this Court approved. 2025 WL 280004, at *4. Here, while the Court need not make a line by line reduction, the Court will consider the fact that the travel time was billed at the full rate below, when considering a possible reduction. *Pianko*, 2025 WL 546935, at *4.

9

Thus, having considered the record and *Johnson* factors, including awards in analogous cases and the Court's experience and knowledge in handling similar fee requests in considering what rates are reasonable and proper for attorneys in this geographic area possessing similar skills and experience, the Court finds that an hourly rate of $350.00 is reasonable.

### ii.  Requested fee is excessive

The Court must now address the results obtained and degree of success achieved by Dallas-Clark. Eilert asserts that the "jury's verdict of $15,000.00 was [] less than 10% of the damages requested." [DE 103 at 1908]. Eilert states that Dallas-Clark rejected a $30,000.00 settlement offer, and that Dallas-Clark's last offer was $65,000.00. [*Id.* at 1909]. Therefore, Eilert asserts that because Dallas-Clark did "not achieve a good result" the "requested attorney fee should be reduced accordingly." [*Id.*]. In reply, Dallas-Clark asserts that the $30,000.00 offer was "made literally as the Judge entered the courtroom to begin the jury trial" and that "[a]ll time and effort but for the trial had already been expended." [DE 104 at 1922]. Further, Dallas-Clark asserts that the $30,000.00 offer would have "obligated [Dallas-Clark] to pay from that amount her contractual attorney fees. . . all without additional reimbursement of costs or attorney fees." [*Id.*]. Therefore, the "net amount payable to Ms. Dallas-Clark. . . would have been less than that yielded by the litigation in the event the Court awards" costs and attorney's fees. [*Id.*].

If "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. Trial courts within the Sixth Circuit have applied this principle, and the Sixth Circuit has routinely upheld a trial court reducing an award. *Richard v. Caliber Home Loans, Inc.*, No. 2:15-CV-02647, 2019 WL 4751741, at *10 (S.D. Ohio Sept. 30, 2019), *aff'd*, 832 F. App'x 940 (6th Cir. 2020) (concluding "that a 30% reduction in the total award of attorneys' fees

is appropriate in this case given Plaintiff's limited, success"); *Snide v. Disc. Drug Mart, Inc.,* No. 1:11 CV 00244, 2013 WL 6145130, at *5 (N.D. Ohio Nov. 21, 2013) (upholding a 50% reduction of fees based on limited success); *Ne. Ohio Coal. For the Homeless v. Brunner*, 652 F. Supp. 2d 871, 886 (S.D. Ohio July 28, 2009) (concluding that a 20% reduction was appropriate "in light of Plaintiffs' meaningful, but less than total, success"); *Kentucky Restaurant Concepts, Inc. v. City of Louisville*, 117 F. App'x 415, 421–22 (6th Cir. 2004) (affirming 35% fee reduction based on partial success); *Farmer v. Ottawa County,* 2000 WL 420698 at * 7 (6th Cir. April 13, 2000) (in FLSA case, upholding district court's 33% reduction in attorney fee award in light of the "limited nature of Plaintiff's success; *Allen v. Allied Plant Maintenance Co. of TN., Inc.*, 881 F.2d 291, 300 (6th Cir. 1989) (same)).

In *Richard*, where the trial court concluded a 30% reduction was appropriate, the plaintiff, like Dallas-Clark, also received $15,000 in damages. 2019 WL 4751741 at *1. Additionally, Dallas-Clark's counsel admits that they found it "necessary to repeat some of the trial preparation review and study" after the trial was rescheduled. [DE 104 at 1924]. It is also within a trial court's discretion to reduce a total award for duplicative billing. *See, e.g., Sykes v. Anderson*, 419 F. App'x 615, 618–19 (6th Cir. 2011) (affirming an across-the-board fee reduction of 25% to address duplicative billing); *Hudson v. Reno,* 130 F.3d 1193, 1209 (6th Cir. 1997), *abrogated on other grounds by Pollard v. E.I. du Pont de Nemours & Co.,* 532 U.S. 843 (2001) (upholding a 25% reduction in fees award for duplication of efforts); *Coulter,* 805 F.2d at 152, *abrogated on other grounds by Husted*, 831 F.3d 686 (holding that a district court may apply an across-the-board reduction based on "excessive or duplicative hours" and approving a 50% across-the-board reduction where "duplication of effort is a serious problem"). Although it may be appropriate to reduce fees for duplicative work in some circumstances as discussed above, the Court finds that a

11

reduction is not appropriate here. On the eve of the original trial date, Eilert moved to continue the trial. [DE 76]. In an order continuing the trial, the Court noted how the request was "troubling" and the Court was "displeased" with the timing of Eilert's motion. [DE 79 at 886]. The Court considered it an "egregiously wasteful" request. [*Id.* at 885]. The Court will not penalize Dallas-Clark for the actions of the Defendant and the continuance that resulted. [DE 80]. Therefore, although counsel for Dallas-Clark did duplicate some work for trial, the Court finds it reasonable to not reduce any of their requested fees. There was no "serious problem" or "excessive" billing present by Dallas-Clark. C*oulter,* 805 F.2d at 152, *abrogated on other grounds by Husted*, 831 F.3d 686. Thus, Attorney's fees remain at $42,175.00.

### iii.   Enhancement

In plaintiff's original motion, in addition to the $42,175.00 requested, they state "that an even higher fee of $50,000.00 could likely be justified with application of a lodestar enhancement should the Court find the circumstances appropriate for a fee enhancement." [DE 102 at 1894]. Defendants contend that this is a simply another way of recovering expert fees, which Plaintiff admits they cannot recover. [DE 103 at 1909-10]. In their reply, Plaintiff does not address this argument at all.

Plaintiff also notes that they took this case on a "contingency basis." [DE 102 at 1893]. However, the Supreme Court and the Sixth Circuit have routinely held that is not a proper basis for an enhancement of attorney's fees. *City of Burlington v. Dague*, 505 U.S. 557, 561–63 (1992); *Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367, 381 (6th Cir. 1993). The Court does not find it appropriate to enhance the amount of fees awarded.

For the reasons mentioned above, the Court will **GRANT** the motion for attorney's fees and award Dallas-Clark $42,175.00.

    c. *Costs and Fees*

Dallas-Clark also seeks an award of costs of $1,988.15 for the deposition transcripts ($1,516.15), fees of the Clerk ($402.00), and service costs ($70.00). [DE 101]. "Although costs are generally awarded to a prevailing party as a matter of course, the district court maintains discretion in choosing to tax the costs of litigation against a losing party under Rule 54(d) of the Federal Rules of Civil Procedure*." Virostek v. Liberty Twp. Police Dep't/Trustees*, 14 F. App'x 493, 510 (6th Cir. 2001). "Recoverable costs are limited to those specified by 28 U.S.C. § 1920." *Sisters for Life Inc.,* 2025 WL 2800004, at *9 (citing to *In re Cardizem CD Antritrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007)).

"Section 1920 allows recovery on '[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case'; '[f]ees of the clerk,' such as filing fees; and 'costs of making copies of any materials where the copies are necessarily obtained for use in the case.' 28 U.S.C. § 1920." *Id*. at *10. "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Ashland Hosp. Corp. v. RLI Ins.,* No. CV 13-143-DLB-EBA, 2015 WL 5063184, at *2 (E.D. Ky. Aug. 26, 2015) (quoting *Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir.1989)). "Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Id*. at 119. Here, the depositions of Eilert and other third parties were "certainly reasonable and necessary at the time it was taken in anticipation of trial." *Ashland*, 2015 WL 5063184, at *2. As a result, the costs of the depositions will be permitted.

Costs for service are permitted when "they are initially paid to one of two specified officers of the court: the clerk or the marshal." *Phoenix Versailles Indus. Invs. LLC v. Bourbon Pallet Dreams, LLC*, No. CV 5:23-196-DCR, 2024 WL 476861, at *3 (E.D. Ky. Feb. 7, 2024). Dallas-

Clark has provided copies to the Court providing evidence that payment was made to the clerk. Thus, payment will be awarded. Dallas-Clark also provided evidence of the filing fee. Moreover, Defendants did not object to any aspect of the Bill of Costs either in their response to the motion for attorney's fees, or separately.

Accordingly, the Court concludes that Ward is entitled to recover $1,988.15 in costs.

### III.    CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1)    Dallas-Clark's Motion for Attorney's Fees [DE 102] is **GRANTED**.

(2)    Dallas-Clark's Bill of Costs [DE 101] is **GRANTED**.

(3)    Defendants are ordered to pay Dallas-Clark her attorney's fees in the amount of $42,175.00 and costs in the amount of $1,988.15. Defendants shall pay those attorney's fees and costs **within 30 days of the entry of this order.**

Rebecca Grady Jennings, District Judge
United States District Court

October 17, 2025